Matter of Aron Law, PLLC v New York City Health & Hosps. Corp. (2024 NY Slip Op 05878)

Matter of Aron Law, PLLC v New York City Health & Hosps. Corp.

2024 NY Slip Op 05878

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Kapnick, Kennedy, JJ. 

Index No. 152905/22 Appeal No. 3119-3120 Case No. 2023-05795, 2024-05436 

[*1]In the Matter of Aron Law, PLLC, Petitioner-Respondent,
v
New York City Health and Hospitals Corporation, Respondent-Appellant.

Muriel Goode-Trufant, Acting Corporation Counsel, New York (Karin Wolfe of counsel), for respondent.
Aron Law, PLLC, Brooklyn (Joseph H. Aron of counsel), for respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered May 16, 2023, which granted the petition for production of records pursuant to the Freedom of Information Law (FOIL) and directed respondent to provide petitioner with unredacted copies of the requested records and directed an inquest on petitioner's fees and costs, unanimously reversed, on the law, without costs, the order vacated, and the proceeding brought pursuant to CPLR article 78 remanded for consideration of the petition on the merits. Appeal from order, same court and Justice, entered October 12, 2023, which denied respondent's motion for leave to correct its papers and to renew and reargue, unanimously dismissed, without costs, as academic to the extent it sought to correct and renew and as taken from a nonappealable order to the extent it sought to reargue.
The court improperly granted the petition on the ground that respondent failed to submit any admissible evidence supporting its redaction of reports by outside consulting firms under the intra-agency materials exemption to FOIL (see Public Officers Law § 87[2][g]). The agency submitted a detailed answer explaining the nature of the redacted information, which was verified by the agency's deputy counsel and chief employment counsel, who "affirm[ed]" that she "knows the contents [of the answer] to be true based on her own knowledge except as to matters therein alleged upon information and belief, and as to those matters, she believes them to be true." Respondent also submitted the relevant contracts with the consulting firms. These submissions were consistent with CPLR 2106 and should not have been disregarded as procedurally deficient (cf. LaRusso v Katz, 30 AD3d 240, 243 [1st Dept 2006] [finding submission of an affirmation instead of affidavit by attorney who was a named defendant in the action to be improper]; see CPLR 105[u]).
Moreover, petitioner waived any objections to any procedural deficiencies in the answer by raising them for the first time in reply, instead of returning the answer to respondent with a statement of objections within 15 days pursuant to CPLR 2101(f).
Accordingly, the matter is remanded to Supreme Court for consideration of the applicability of the intra-agency exemption to the withheld information. We note that redactions to records requested under FOIL are available only under the personal privacy exemption and not the intra-agency materials exemption (see Matter of Center for Constitutional Rights v New York City Admin. for Children's Servs., 224 AD3d 537, 537-538 [1st Dept 2024]).
Because petitioner has not "substantially prevailed" at this stage (Public Officers Law § 89[4][c]), the court's order of an inquest on petitioner's fees and costs was premature.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024